UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHINA CORNICI CO., LTD., *et al.*<br><br>                              Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>                              Defendant. | Court No. 23-00217 |

# COMPLAINT

Plaintiffs China Cornici Co., Ltd. ("China Cornici") and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.) ("RaoPing"), by and through undersigned counsel, allege and state a cause of action as follows:

# CAUSE OF ACTION

1.     This action is brought to contest the improper denial of separate rates by the United States Department of Commerce ("DOC") with respect to Plaintiffs in the administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, A-570-117, for the period of review ("POR") August 12, 2020, through January 31, 2022. The denial of separate rates for Plaintiffs was effectuated on September 12, 2023, when the DOC rescinded the review with respect to Plaintiffs via Federal Register notice entitled Wood Mouldings and Millwork Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; Final Determination of No Shipments; and Partial Rescission; 2020-2022, 88 Fed. Reg. 62,539 (Sept. 12, 2023) ("Final Results").

## JURISDICTION AND STANDING

2. Plaintiffs, China Cornici and RaoPing, are the foreign producers and/or exporters of record of the entries that are the subject of this Complaint and are the real parties in interest in this case.

3. Plaintiffs timely filed separate rate applications, supplemental questionnaire responses, and letters in lieu of a case brief, asserting that Plaintiffs shipped subject merchandise during the POR and requesting that that the review not be rescinded with respect to their companies.

4. Plaintiffs' requests were denied on September 12, 2023, when the DOC published its Final Results in the Federal Register. 88 Fed. Reg. 62,539 (Sept. 12, 2023).

5. The summons for this civil action was timely filed on October 11, 2023.

6. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which confers "exclusive jurisdiction" to the Court over "any civil action commenced under section 516 of the Tariff Act of 1930." 28 U.S.C. § 1581(c).

7. This action was commenced under section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, which identifies a reviewable final determination of an administrative review as "{a} final determination, other than a determination reviewable under paragraph (1), by the administering authority or the commission under section 751 of this Act."

## STATEMENT OF FACTS

8. The merchandise subject to this action is picture frame mouldings produced and/or exported by Plaintiffs from China.

9. The merchandise produced and/or exported by Plaintiffs falls within the scope of the antidumping ("AD") duty order in *Wood Mouldings and Millwork Products from the People's Republic of China*, case number A-570-117.

10. Plaintiffs exported subject picture frame mouldings from China to the United States during the POR from August 12, 2020, through January 31, 2022, for the administrative review of the AD Order in A-570-117.

11. On February 15, 2022, Plaintiffs requested an AD administrative review with the DOC.

12. On April 12, 2022, the DOC initiated the AD administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, A-570-117, available at 87 Fed. Reg. 21,619 (Apr. 12, 2022).

13. In May 2022, Plaintiffs each timely filed their respective Separate Rate Applications. China Cornici filed its Separate Rate Application on May 16, 2022. RaoPing filed its Separate Rate Application on May 18, 2022.

14. On August 10, 2022, the DOC issued Separate Rate Application Supplemental Questionnaires to Plaintiffs, among others.

15. In these Supplemental Questionnaires, the DOC stated that "{i}n order to received a separate rate in this administrative review, an applicant must have made a sale/entry of subject merchandise during the POR, as evidenced by a U.S. Customs and Border Protection (CBP) 7501 Entry Summary form, demonstrating the applicant entered merchandise during the

POR classified as Type 3 (*i.e.*, a suspended entry of merchandise that is subject to antidumping or countervailing duties)."

16. The Supplemental Questionnaires also stated that "{t}o be considered for a separate rate in this review, you must respond to the following questions:" and the first question allowed Plaintiffs the opportunity to "{e}xplain why the documentation (*e.g.*, CBP 7501 Entry Summary form) you submitted in your SRA does not pertain to a Type 3 entry."

17. On August 24, 2022, Plaintiffs each filed timely responses to the Supplemental Questionnaires.

18. China Cornici's August 24, 2022, Response to Separate Rate Application Supplemental Questionnaire answered all of the DOC's questions and explained that China Cornici made sales/entries of subject merchandise during the POR.

19. RaoPing's August 24, 2022, Response to Separate Rate Application Supplemental Questionnaire answered all of the DOC's questions, explained that RaoPing made sales/entries of subject merchandise during the POR, and detailed its sales and negotiation information as it relates to transactions of subject merchandise.

20. On February 1, 2023, the DOC issued a Second Supplemental Questionnaire to RaoPing, asking for additional substantiation of RaoPing's August 24, 2022, Response to Separate Rate Application Supplemental Questionnaire.

21. On February 14, 2023, RaoPing timely filed a response to the Second Supplemental Questionnaire and provided additional explanations and substantiations in support of its position.

22. On March 1, 2023, the DOC filed the Wood Mouldings and Millwork Products from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative

Review; 2020-202, dated February 28, 2022 ("Preliminary Decision Memorandum"), in which the DOC preliminarily granted a separate rate to RaoPing but denied a separate to China Cornici.

23. Plaintiffs timely filed letters in lieu of case briefs addressing the DOC's preliminary results.

24. On September 6, 2023, the DOC filed the Wood Mouldings and Millwork Products from the People's Republic of China: Issues and Decisions Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review, dated September 5, 2023 ("Issues and Decisions Memorandum").

25. The DOC's September 6, 2023, Issues and Decision Memorandum denied RaoPing's request to clarify that RaoPing's exports of subject merchandise to the United States through its trading Company Chen Chui are entitled to the separate rate.

26. The DOC's September 6, 2023, Issues and Decision Memorandum denied China Cornici's request for a separate rate and rescinded the review with respect to China Cornici.

27. On September 12, 2023, the DOC's Final Results were published in the Federal Register as 88 Fed. Reg. 62,539 (Sept. 12, 2023), giving rise to this action.

28. As a result of the DOC's recission of review with respect to China Cornici, it was *de jure* denied a separate rate. As a result of the DOC's denial of RaoPing's request for clarification, RaoPing was *de facto* denied a separate rate. Plaintiffs were thus effectively unable to benefit from the separate rate of 0.00%.

29. By contrast, the "All Others" rate in the AD Order (86 Fed. Reg. 9,486 (Feb. 16, 2021)) is 220.87%. This is the rate at which the entries were to be liquidated if the manufacturer did not request an administrative review of the AD Orders and secure a separate rate with the DOC.

## COUNT 1

30. Paragraphs 1 through 29 are incorporated by reference.

31. During the early parts of the POR, Plaintiffs, and their U.S. importer Larson-Juhl LLC, entered the picture frame mouldings as "Type 01" (consumption) entries because they were unaware of the scope coverage of the AD and countervailing duty ("CVD") cases that were ongoing.

32. Upon learning that the entries are covered by the Mouldings Orders, Plaintiffs' U.S. importer retained counsel and, on June 28, 2021, filed a prior disclosure letter with U.S. Customs and Border Protection ("CBP") to avoid facing potential penalties for not paying AD and CVD duties.

33. In the prior disclosure letter, Plaintiffs' U.S. importer asked CBP to reset the entries from "Type 01" (consumption) to "Type 03" (consumption – antidumping and countervailing duty) and to suspend liquidation pending issuance of liquidation instructions by the DOC.

34. On August 23, 2021, Plaintiffs' U.S. importer perfected the disclosure and tendered over $2 million to CBP to cover the AD and CVD duties owed.

35. Although CBP accepted the payment of AD and CVD duties from Plaintiffs' U.S. importer, it failed to reset the entries to "Type 03" and it liquidated the entries between January 28, 2022, and May 20, 2022.

36. When Plaintiffs requested the AD administrative review, the entry type remained unchanged as "Type 01" and many entries had been improperly liquidated.

37. Under these facts, Plaintiffs' U.S. importer filed a protest request to CBP on July 7, 2022, which was ultimately denied on August 15, 2022.

38. On February 10, 2023, Plaintiff's U.S. importer filed a Summons at the Court of International Trade, concerning the denied protest. The appeal is currently pending before this Court as *Larson-Juhl US LLC v. United States*, CIT 23-00032.

39. The DOC's March 1, 2023, Preliminary Decision Memorandum preliminarily determined "that China Cornici had no suspended entry of subject merchandise during the POR." It also noted that, "{a}bsent any evidence of a reviewable entry, pursuant to 19 CFR 351.213(d)(3), we intend to rescind the administrative review of this company in the final results of review."

40. On July 17, 2023, China Cornici timely filed a letter in lieu of case brief, in which it requested that the DOC reverse its decision to rescind the review with respect to China Cornici and to grant the company a separate rate based on the available record evidence.

41. The DOC's September 6, 2023, Issues and Decision Memorandum, which denied China Cornici's request for a separate rate and rescinded the review with respect to China Cornici, did so despite the information timely provided by China Cornici in its Separate Rate Application and Supplemental Questionnaire Response. The DOC continued to find that "there is no record evidence of a reviewable entry for China Cornici," contrary to record evidence.

42. As a result, China Cornici was denied a separate rate, despite record evidence to the contrary, and the review was improperly rescinded with respect to China Cornici.

## **COUNT 2**

43. Paragraphs 1 though 38 are incorporated by reference.

44. On July 17, 2023, RaoPing timely filed a letter in lieu of case brief, in which it requested that the DOC "expressly clarify in its final results that RaoPing's exports of subject merchandise to the United States through its trading company Chen Chiu (sic) Global Corp.

("Chen Chiu")(sic) are specifically entitled to the separate rate." RaoPing explained that this clarification would be appropriate based on the evidence properly on the record.

45. In the DOC's September 6, 2023, Issues and Decision Memorandum, which denied RaoPing's request to clarify that RaoPing's exports of subject merchandise to the United States through its trading company Chen Chui are entitled to the separate rate, the DOC stated that "RaoPing HongRong is eligible for a separate rate but agrees with petitioner that its trading company, Chen Chiu (sic), is not eligible for a separate rate because it is not under review and, therefore, did not submit an SRA." The DOC also stated that it found "no basis to conclude that Chen Chiu (sic) is a trade name for RaoPing HongRong."

46. As a result, although RaoPing was found to be entitled to a separate rate it is *de facto* unable to benefit from this finding due to the DOC's refusal to clarify that RaoPing's exports made by its trading company, Chen Chui, be liquidated at the separate rate.

47. The DOC, by issuing its Final Results on September 12, 2023, effectively rejected Plaintiffs' requests, reached final determinations that were unsupported by substantial evidence and otherwise not in accordance with law, and improperly denied Plaintiffs *de jure* or *de facto* access to a separate rate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and direct the DOC to:

(a) Reverse its decision to rescind review with respect to China Cornici;

(b) Reverse its decision to deny a separate rate to China Cornici;

(c) Clarify that RaoPing's exports made through its trading company are eligible for a separate rate;

(d) Suspend liquidation of any unliquidated entries pending final determination by the Court of International Trade in *Larson-Juhl US LLC v. United States*, CIT 23-00032;

(e) Refund Plaintiffs all excess duties and fees paid, plus interest as required by law; and

(f) Provide Plaintiffs with such further and additional relief as the Court may direct.

> Respectfully Submitted,
>
> /s/ Mark R. Ludwikowski
> Mark Ludwikowski
> William Sjoberg
> R. Kevin Williams
> Kelsey Christensen
> Sally Alghazali[*]
>
> **CLARK HILL, PLC**
>
> 1001 Pennsylvania Ave. N.W.,
> Suite 1300 South
> Washington, DC 20004
> mludwikowski@clarkhill.com

Dated: October 24, 2023

---

[*] Admitted to Minnesota Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).