## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CHINA CORNICI CO., LTD. *ET AL.*,**<br><br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>    Defendant. | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 23-00217 |

### ORDER

Upon consideration of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record, and all other papers and proceedings, it is hereby:

**ORDERED** that Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record is **GRANTED**; and it is further

**ORDERED** that this case is remanded to the U.S. Department of Commerce in accordance with the Court's decision.

**SO ORDERED.**

Date: _____, 2024
New York, New York

_____
**Stephen Alexander Vaden, Judge**

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHINA CORNICI CO., LTD. *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 23-00217 |

# PLAINTIFFS' RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Mark Ludwikowski
Kevin Williams
Kelsey Christensen

**CLARK HILL, PLC**
1001 Pennsylvania Avenue NW
Suite 1300 S
Washington, DC 20004

**April 19, 2024**

ii

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF ISSUES PRESENTED..................................................................3

III. STANDARD OF REVIEW AND JURISDICTION ....................................................3

IV. ARGUMENT................................................................................................................4

    A. Commerce's Refusal to Clarify that RaoPing's Exports of Subject Merchandise to the United States Made Through the Trading Company was Not Based on Substantial Evidence or Otherwise in Accordance with Law ................................................................................................4

    B. Commerce's Recission of the Administrative Review with Respect to China Cornici was Not Supported by Substantial Evidence or Otherwise in Accordance with Law...........................................................................8

        i. Commerce Lacked Statutory Authority to Rescind the Administrative Review with Respect to China Cornici...............................8

        ii. Substantial Evidence Shows that Plaintiffs Made Entries, Exports, and Sales of Subject Merchandise During the POR....................10

        iii. Commerce Was on Notice of the Ongoing Disputes Concerning Designation of Plaintiffs' Entries..........................................12

V. CONCLUSION...........................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Consolidated Edison Corp. v. NLRB*, 305 U.S. 197 (1938) ............................................................ 3

*Gerald Metals, Inc. v. United States*, 132 F.3d 716 (Fed. Cir. 1997) ................................. 3, 5, 11

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) ........................................... 3, 5, 11

**STATUTES**

19 U.S.C. § 1516a ............................................................................................................................ 4

19 U.S.C. § 1516a(b)(1)(B)(i) ................................................................................................. 3, 4, 5

19 U.S.C. § 1675(a) ........................................................................................................................ 8

19 U.S.C. § 1675(a)(1)(B) .............................................................................................................. 8

19 U.S.C. §1516a(a)(2)(B)(iii) ....................................................................................................... 4

28 U.S.C. § 1581(c) ........................................................................................................................ 4

**OTHER AUTHORITIES**

*Wood Mouldings and Millwork Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; Final Determination of No Shipments; and Partial Rescission; 2020-2022* ................................................................... 2

**REGULATIONS**

19 C.F.R. § 351.213(d) ................................................................................................................... 8

19 C.F.R. § 351.213(d)(1) .............................................................................................................. 9

19 C.F.R. § 351.213(d)(2) .............................................................................................................. 9

19 C.F.R. § 351.213(d)(3) ......................................................................................................... 9, 10

**PLAINTIFFS' RULE 56.2 MOTION
FOR JUDGMENT ON THE AGENCY RECORD**

### I.      INTRODUCTION

Plaintiffs China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co., Ltd. (d.b.a. Chen Chui Global Corp.) (collectively, "China Cornici et al." or "Plaintiffs"), foreign exporters of the subject merchandise, by and through their attorneys, hereby submit this Rule 56.2 Motion for Judgment on the Agency Record. Please be advised that Section IV.B of the argument below is generally duplicative of the arguments made by Plaintiffs' Rule 56.2 Motion filed on the record of *China Cornici et al. v. United States*, CIT Court No. 23-216. Plaintiffs tailored the arguments contained herein, however, to appropriately capture the procedural posture and the record citations specific to the underlying antidumping duty administrative review.

RaoPing HongRong Handicrafts Co., Ltd. ("RaoPing"), which qualified as a separate rate company, challenges the U.S. Department of Commerce's ("Commerce") refusal to clarify that RaoPing's exports of subject merchandise, made through the trading company, Chen Chui Global Corp. ("Chen Chui"), were entitled to the "separate rate." RaoPing asserts that Commerce's refusal was not based on substantial evidence or otherwise in accordance with the law. Commerce's refusal resulted in the constructive denial of a separate rate to RaoPing, causing its exports to be entered at the antidumping duty ("AD") rate of 220.87% assigned to "all-others," instead of the AD rate of 0.00% assigned to the companies that qualified for separate rates. RaoPing requests that Commerce's Final Results be remanded with instructions that Commerce amend its Final Results to clarify that RaoPing's entries, including those made through the trading company, Chen Chui, shall be assigned the 0.0% rate that was calculated for RaoPing as a separate rate company and to issue corresponding instructions to U.S. Customs and Border Protection ("CBP").

1

China Cornici Co., Ltd. ("China Cornici") challenges Commerce's improper recission of review with respect to China Cornici in the first annual AD administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, Inv. No. A-570-117, and the accompanying issues and decision memorandum. *See* Federal Register Notice *Wood Mouldings and Millwork Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; Final Determination of No Shipments; and Partial Rescission; 2020-2022* ("Final Results") (P.R. 472); Final Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review (P.R. 460).

China Cornici lawfully qualified for administrative review because it exported, entered, and sold subject merchandise to the United States during the period of review ("POR"). It was unlawful for Commerce to rescind the review with respect to China Cornici because Commerce failed to articulate a lawful basis for recission pursuant to the statute and guiding regulations. The underlying administrative record demonstrates that China Cornici exported, entered, and sold subject merchandise during the POR, therefore any finding to the contrary would be unsupported by the record. Moreover, Commerce's decision to rescind the review was improper because the agency was on notice that certain issues pertaining to the designation of China Cornici's entries remained outstanding. Commerce's unlawful recission of the review injured China Cornici by rendering China Cornici ineligible for the separate AD rate of 0.00% (the rate calculated for "separate rate companies," *i.e.*, the companies that demonstrated their independence from the Government of China with respect to export activities and that were not individually investigated) and saddling it with the 220.87% "all others" rate, while the status of certain issues concerning its entries were unresolved. *See* Final Results at 62,540 (P.R. 472).

Accordingly, Plaintiffs respectfully move this Court to vacate Commerce's recission of the administrative review with respect to China Cornici and the constructive denial of a separate rate for RaoPing, and to remand the case to Commerce with instructions to assign Plaintiffs, including RaoPing, via the trading company Chen Chui, the AD rate assigned to the separate rate companies under review.

## II.    STATEMENT OF ISSUES PRESENTED

1. Whether Commerce's denial of RaoPing's request to clarify that RaoPing's exports, made through the trading company Chen Chui, were entitled to the separate rate, was based on substantial evidence and otherwise in accordance with law.

2. Whether Commerce lawfully rescinded the administrative review with respect to China Cornici Co., Ltd.

## III.    STANDARD OF REVIEW AND JURISDICTION

This Court must "hold unlawful any determination, finding, or conclusion found … to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence is more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Corp. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard "requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). The existence of substantial evidence must be determined in view of the record

as a whole, including "whatever in the record fairly detracts from its weight." *Id*. (quoting *Universal Camera*, 340 U.S. at 488).

This action is properly before this Court pursuant to section 516A of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a(a)(2)(B)(iii)), which provides that with respect to administrative reviews, "{a} final determination, other than a determination reviewable under paragraph (1), by the administering authority or the commission under section 751 of this Act" is reviewable by this Court. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act and reviewed above, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

On September 12, 2023, Commerce published the Final Results in the Federal Register. (P.R. 472). The Final Results were supported by an Issues and Decision Memorandum. Final Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review (P.R. 460). Plaintiffs timely filed their summons on October 11, 2023 (ECF No. 1), within 30 days of publication of the Final Results. Plaintiffs timely perfected the appeal by filing of the complaint (ECF No. 9) on October 24, 2023.

### IV.    ARGUMENT

A.  **Commerce's Refusal to Clarify that RaoPing's Exports of Subject Merchandise to the United States Made Through the Trading Company was Not Based on Substantial Evidence or Otherwise in Accordance with Law**

RaoPing qualified as a separate rate company in the underlying antidumping administrative review. *See* Final Results at Appx. 2 (P.R. 472). In proceedings involving a non-market economy, such as this, Commerce presumes government control exists over the

4

exporters, unless the respondent exporter demonstrates absence of *de jure* and *de facto* government control. *See* Separate-Rates Practice in Antidumping Proceedings Involving Non-Market Economy Countries (announcement in change in practice and request for comments), 69 Fed. Reg. 77,722 (Dec. 28, 2004). RaoPing demonstrated absence of *de jure* and *de facto* control by filing a separate rate application and responding to Commerce's separate rate application supplemental questionnaire. There is no dispute that RaoPing qualified for a separate rate. The dispute arises, however, because Commerce refused RaoPing's request to clarify in the Final Results and the resulting instructions to CBP, that RaoPing's entries of subject merchandise entered by the trading company, Chen Chui, should be assigned the 0.00% AD rate calculated for separate rate companies. *See* RaoPing's Letter in Lieu of Case Brief at 2 (P.R. 444; C.R. 591); Final Results (P.R. 472); Final Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review at 35-37 (P.R. 460). Commerce's refusal to make this clarification in effect denied RaoPing use of the separate rate for which it qualified.

Commerce's refusal to make this clarification was not based on substantial evidence or otherwise in accordance with the law. The Court must "hold unlawful any determination, finding, or conclusion found … to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). The existence of substantial evidence must be determined in view of the record as a whole, including "whatever in the record fairly detracts from its weight." *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). The record evidence described below shows that Commerce failed to adequately account for the overwhelming evidence that fairly detracted from its refusal of RaoPing's request.

From the very beginning of this administrative review, the record demonstrated that Chen Chui is a vital link in RaoPing's supply chain, as the final reseller of the subject merchandise that effectuates sales to U.S. purchasers. *See* RaoPing's Separate Rate Application at 5 (P.R. 107; C.R. 72 - 73). Although RaoPing did not list that it was doing business as ("d.b.a.") Chen Chui in response to question 2a of the separate rate application, the business connection was presented and explained in detail on the record. For example, RaoPing depicted its supply chain in response to question 4 of the separate rate application, including Chen Chui's role; Chen Chui's role as a trading company that did business on behalf of RaoPing was further evidenced in exhibit 1. *See* RaoPing's Separate Rate Application at 5 and Exh. 1 (P.R. 107; C.R. 72 - 73). Exhibit 1 of RaoPing's separate rate application documented not only a summary of its supply chain, but provided commercial invoices for *each step* of the supply chain, demonstrating that the subject merchandise produced by RaoPing was ultimately entered and sold into the United States by Chen Chui. *See* RaoPing's Separate Rate Application at Exh. 1 (P.R. 107; C.R. 72 - 73). Exhibit 2 of RaoPing's separate rate application demonstrated that the sales and financial supply chain (*i.e.,* the trading company supply chain) was more complex than the physical supply chain. Together, these documents show that Chen Chui, acting as a trading company for RaoPing, made the sale of subject merchandise to a U.S. purchaser. The subject merchandise itself, however, only physically changed locations once: from RaoPing to the U.S. purchaser. *See* RaoPing's Separate Rate Application at Exh. 2 (P.R. 107; C.R. 72 - 73). Moreover, RaoPing also responded to a supplemental questionnaire from Commerce, in which RaoPing included price negotiation documents signed by Chen Chui and an affidavit from RaoPing's U.S. purchaser that clearly described Chen Chui as RaoPing's trading company. *See* RaoPing's Response to the Separate Rate Applicant Supplemental Questionnaire at Exhs. 1S (Price Negotiations), 2S (U.S.

Purchaser Affidavit), and 3S (Additional Emails of Negotiations) (P.R. 376; C.R. 356). Based on the foregoing, the record evidence clearly demonstrates that Chen Chui was a trading company and doing business with U.S. purchasers on behalf of RaoPing.

Following Commerce's publication its preliminary issues and decision memorandum, (P.R. 389) and draft customs instructions (P.R. 400, C.R. 373), RaoPing timely filed a letter in lieu of a case brief requesting that Commerce "expressly clarify in its final results that RaoPing's exports of subject merchandise to the United States through its trading company Chen Chiu (sic) Global Corp. . . . are specifically entitled to the separate rate." RaoPing's Letter in Lieu of Case Brief at 2 (P.R. 444; C.R. 591). RaoPing also explained that Chen Chui is "solely a {Taiwanese} trading company" and that the sales made through Chen Chui served *as the very basis* by which Commerce granted RaoPing a separate rate. Commerce, however, issued no subsequent questionnaires to RaoPing to further understand the business relationship between RaoPing and Chen Chui. Despite the substantial evidence on the record, Commerce declined to clarify in the Final Results and accompanying issues and decision memorandum that RaoPing's entries made through Chen Chui were entitled to a separate rate. *See* Final Results (P.R. 472); Final Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review at 35-37 (P.R. 460).

The overwhelming record evidence is clear: RaoPing's exports of subject merchandise to the United States, which served as the basis for RaoPing's designation as a separate rate company, were entered into the United States by Chen Chui. Chen Chui was effectively doing business with U.S. purchasers on behalf of RaoPing. In light of this record evidence, Commerce should have clarified that the entries of subject merchandise produced by RaoPing and entered by Chen Chui qualify for the separate rate of 0.00%. Commerce's denial of RaoPing's request

was thus not based on substantial evidence. Commerce's denial of RaoPing's request resulted in the constructive denial of a separate rate to RaoPing, causing its exports to be entered at the AD rate of 220.87% assigned to "all-others," instead of the AD rate of 0.00% assigned to the companies, including RaoPing, that qualified for separate rates. *See* Final Results (P.R. 472).

RaoPing respectfully requests that that this Court remand Commerce's Final Results, with instructions that Commerce amend its Final Results to clarify that RaoPing's entries, including those made through the trading company, Chen Chui Global Corp., shall be assigned the 0.0% rate that was calculated for the separate rate companies and to issue corresponding instructions to CBP.

> **B. Commerce's Recission of the Administrative Review with Respect to China Cornici was Not Supported by Substantial Evidence or Otherwise in Accordance with Law**
>
> > **i. Commerce Lacked Statutory Authority to Rescind the Administrative Review with Respect to China Cornici**

Commerce lacked the statutory authority to rescind the administrative review with respect to China Cornici because Commerce's stated reason for recission is not among the enumerated scenarios giving rise to Commerce's authority to rescind a review. Neither the statute concerning administrative reviews of determinations, nor the guiding regulations, invest Commerce with the authority to rescind the underlying administrative review with respect to Plaintiffs.

The statute at 19 U.S.C. § 1675(a) addresses the periodic review of amount of duty for antidumping and countervailing duty orders. Although the statute directs Commerce to "review, and determine (in accordance with paragraph (2)), the amount of any antidumping duty," 19 U.S.C. § 1675(a)(1)(B), it does not address recission of administrative reviews. The regulations at 19 C.F.R. § 351.213(d) govern the recission of administrative reviews. The regulations

8

enumerate the three scenarios in which Commerce either must or may rescind an administrative review. None of the three scenarios applies in this case.

First, Commerce must rescind an administrative review when a party that requested review timely withdraws its request for review. 19 C.F.R. § 351.213(d)(1). At no point did Plaintiffs withdraw its request for review. Therefore, this scenario does not apply.

Second, Commerce may rescind an administrative review that was self-initiated by the Secretary. 19 C.F.R. § 351.213(d)(2). The underlying administrative review at issue in this appeal was not self-initiated by the Secretary. Therefore, this scenario does not apply.

Third, Commerce "may rescind an administrative review, in whole or only with respect to a particular exporter or producer, if the Secretary concludes that, during the period covered by the review, *there were no entries, exports, or sales of the subject merchandise*, as the case may be." 19 C.F.R. § 351.213(d)(3) (emphasis added). Commerce did not conclude that during the period of review there were "no entries, exports, or sales of the subject merchandise" by Plaintiffs. Instead, errantly asserting authority under 19 C.F.R. § 351.213(d)(3), Commerce disregarded evidence of China Cornici's entries and stated that "because there is no record evidence of a *reviewable* entry for China Cornici, we are rescinding the review with respect to this company." *See* Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review at 39-40 (P.R. 460) (emphasis added). Regardless of Commerce's usual practice, the reasoning on which Commerce relied is not an enumerated basis giving rise to authority to rescind an administrative review, and is an impermissible expansion of the government's authority. Therefore, this scenario does not apply.

Further, as the record demonstrates, China Cornici did in fact have "entries, exports or sales of the subject merchandise" during the POR.  *See* China Cornici's Separate Rate

9

Application Supplemental Questionnaire Response (P.R. 237; C.R. 152-155)(including an explanation and documentation demonstrating that China Cornici's exported subject merchandise to the United States during the POR and that its U.S. importer paid antidumping and countervailing duties on entries of subject merchandise); China Cornici's Letter in Lieu of Case Brief at 2-4 (P.R. 445; C.R. 592) (explaining that China Cornici exported subject merchandise during the POR and identifying supporting record evidence). Commerce was made aware of China Cornici's entries, and the fact the CBP had already collected AD duties on the entries from its U.S. importer. *See id.*

The government has on one hand (Commerce) claimed that no subject entries were made by China Cornici, but with the other hand (CBP) it has pocketed duties paid on those entries by its U.S. importer. Both cannot be true. Either the government must acknowledge that entries of subject merchandise – and thus subject to Commerce's administrative review – were made, or otherwise it was unjustly enriched to the detriment of China Cornici and its U.S. customers.

Based on the foregoing, China Cornici asks the Court to find that Commerce exceeded its statutory authority and, thus, did not lawfully rescinded the administrative review with respect to China Cornici. China Cornici respectfully requests that the Court vacate and remand Commerce's determination to rescind the review with respect to China Cornici and instruct Commerce to assign China Cornici the AD rate assigned to the separate rate companies under review.

> ii. **Substantial Evidence Shows that Plaintiffs Made Entries, Exports, and Sales of Subject Merchandise During the POR**

Because Commerce asserts authority to rescind the review pursuant to 19 C.F.R. § 351.213(d)(3), it must in fact make the requisite finding that there were "no entries, exports, or sales of the subject merchandise," and support its finding with substantial evidence. *But see*

10

Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review at 39-40 (P.R. 460) ("because there is no record evidence of a *reviewable* entry for China Cornici, we are rescinding the review with respect to this company.") (emphasis added). As discussed above, no such finding exists on the underlying administrative record, and instead Commerce unlawfully expanded its authority to impose additional requirements upon exporters.

Even were Commerce to make the finding of no exports, entries, or sales as contemplated by the regulations, China Cornici asserts that substantial evidence on the record would not support such a finding. The substantial evidence standard requires Commerce to "tak{e} into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Here, the record evidence clearly shows that China Cornici had entries, exports, and sales of the subject merchandise during the period of review. *See* China Cornici's Separate Rate Application (P.R. 98; C.R. 55-58) (including detailed company documentation and business records); China Cornici's Separate Rate Application Supplemental Questionnaire Response (P.R. 237; C.R. 152-155) (including an explanation and documentation demonstrating that China Cornici's exported subject merchandise to the United States during the POR and that its U.S. importer paid antidumping and countervailing duties on entries of subject merchandise); China Cornici's Letter in Lieu of Case Brief at 2-4 (P.R. 445; C.R. 592) (explaining that China Cornici exported subject merchandise during the POR and identifying supporting record evidence). This evidence directly contradicts any finding that there were "no entries, exports, or sales of the subject merchandise" during the POR. Therefore, substantial evidence on the record does not

11

support a finding that there were "no entries, exports, or sales of the subject merchandise" during the POR.

China Cornici timely filed a letter opposing Commerce's intent to rescind the review with respect to China Cornici. *See* China Cornici's Letter in Lieu of Case Brief at 2-4 (P.R. 445; C.R. 592). In its letter, China Cornici provided a written explanation as to why review should continue, citing to supporting entry documentation demonstrating that it had exports, entries, and sales of subject merchandise during the POR. *See id.* (*citing* China Cornici's Separate Rate Application (P.R. 98; C.R. 55-58); China Cornici's Separate Rate Application Supplemental Questionnaire Response at 1 and Exh. S-1 (P.R. 237; C.R. 152-155)). In light of the explanations and evidence provided on the record by China Cornici, Commerce lacks the ability to find, based on substantial evidence, that China Cornici had "no entries, exports, or sales of the subject merchandise," as contemplated by the regulations. As a result, any finding by Commerce to the contrary must fail for lack of substantial evidence.

The administrative record is clear: China Cornici had exports, entries, and sales of subject merchandise during the period of review. Therefore, there was – and there is – no statutory authority to rescind the administrative review with respect to China Cornici. Accordingly, we respectfully request that the Court vacate and remand Commerce's decision to rescind the administrative review with respect to China Cornici and instruct Commerce to assign China Cornici the AD rate assigned to the separate rate companies under review.

### iii. Commerce Was on Notice of the Ongoing Disputes Concerning Designation of Plaintiffs' Entries

At the time Commerce issued its decision to rescind the review with respect to China Cornici, it was on notice that China Cornici had filed prior disclosures with CBP to reset Plaintiffs' entries from "Type 01" (consumption) to "Type 03" (consumption – antidumping and

12

counterveiling duty), and that litigation had commenced before this Court, as CIT Court No. 23-00032, with respect to the designation of Plaintiff's entries of subject merchandise. *See* China Cornici's Letter in Lieu of Case Brief at 2-4 (P.R. 445; C.R. 592) (*citing* China Cornici's Separate Rate Application Supplemental Questionnaire Response (P.R. 237; C.R. 152-155)). Commerce, by issuing its unlawful decision to rescind the review with respect to China Cornici, not only ignored the record evidence that China Cornici made exports, entries, and sales of subject merchandise, but it exceeded the bounds of its authority and impeded China Cornici's ability to obtain the appropriate rate designations for its entries prior to the resolution of prior disclosure litigation.

## V.     CONCLUSION

For the foregoing reasons, Commerce's determination to rescind the administrative review with respect to Plaintiffs is unlawful, unsupported by substantial evidence, and impedes Plaintiffs' ability to secure the duty rates for which they qualify. Plaintiffs respectfully request that this Court vacate Commerce's decision to deny RaoPing's request and its decision to rescind review with respect to China Cornici. Accordingly, RaoPing respectfully requests that this Court remand Commerce's Final Results, with instructions that Commerce amend its Final Results to clarify that RaoPing's entries, including those made through the trading company, Chen Chui Global Corp., shall be assigned the 0.0% rate that was calculated for the separate rate companies and to issue corresponding instructions to CBP. China Cornici respectfully requests that the Court vacate and remand Commerce's decision to rescind the administrative review with respect to China Cornici, with instructions that Commerce assign China Cornici the AD rate assigned to the separate rate companies under review and issue corresponding instructions to CBP.

Respectfully submitted,

/s/ Mark Ludwikowski
Mark Ludwikowski
Kevin Williams
Kelsey Christensen

*Counsel to China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.)*

Dated: April 19, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this motion complies with the word limitation requirement. The word count for Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record, as computed by Clark Hill's word processing system Microsoft Office Professional, is 3,887 words.

/s/ Mark Ludwikowski
Mark Ludwikowski

*Counsel to China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.)*

Dated: April 19, 2024

## CERTIFICATE OF SERVICE

      A true and accurate copy of the foregoing was electronically filed on April 19, 2024, via the Court's ECF filing system, which automatically serves notice on counsel of record.

*/s/ Mark Ludwikowski*
Mark Ludwikowski

*Counsel to China Cornici Co., Ltd. and
RaoPing HongRong Handicrafts Co. Ltd.
(d.b.a. Chen Chui Global Corp.)*

Dated: April 19, 2024

16